UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

HEIDI LOPEZ,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP D/B/A
WALMART SUPERCENTER, STORE #931,

    Defendant.

_____/

**DEFENDANT WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant WAL-MART STORES EAST, LP ("Wal-Mart"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes to this Court the state court action filed in the 19th Judicial Circuit Court in and for Indian River County, Florida, Case No. CACE 312022CA0000602 (the "State Court Action"), with full reservation of rights, exceptions, and defenses, and in support thereof states:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

1. On or about August 18, 2022, Plaintiff commenced this action by filing a Complaint against Wal-Mart in the 19th Judicial Circuit Court in and for Indian River County, Florida, *i.e.*, the State Court Action. *See* Complaint attached as **Ex. A**.

2. The Complaint was served on Wal-Mart on August 22, 2022. *See* **Ex. B.**

3. Plaintiff alleges Wal-Mart was negligent and the cause of injuries she allegedly sustained when she slipped and fell due to alleged dangerous conditions. *See* Complaint ¶¶ 9-10.

Plaintiff alleges she was injured, and also suffered lost wages and incurred medical expenses that are on-going in nature. *Id.* ¶ 10.

4. Plaintiff alleges she is a resident of Indian River County, Florida. *Id.* ¶ 2.

5. The Complaint incorrectly alleges that Wal-Mart is a for-profit corporation formed under the laws of the state of Florida, and at all times herein was doing business as WALMART SUPERCENTER, STORE #931. *Id.* ¶ 3. Wal-Mart is a foreign corporation. **Composite Ex. D**.

6. On or about February 7, 2022 and June 28, 2022, prior to filing the instant lawsuit, Plaintiff's counsel sent Wal-Mart a pre-suit demand letter identifying medical bills of over $353,776.90, and seeking $750,000 in damages. *See* correspondence attached as **Composite Ex. C.**

7. Accordingly, this matter is removable based on the complete diversity of citizenship of the parties and an amount in controversy of over $75,000, exclusive of interest, attorney's fees, and costs.

8. Wal-Mart has not yet responded to the Complaint, and it reserves all defenses and objections to this action, intending no waiver by this removal.

## II.   REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

9. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States."

10. The State Court Action is subject to removal pursuant to 28 U.S.C. §§ 1332(a) and 1441(a) because, at this time, this Court has original jurisdiction based upon a complete diversity of citizenship of the parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs. *See AAA Abachman Enter., Inc. Stanley Steemer Int'l, Inc.*, 268 Fed. Appx. 864,

866 (11th Cir. 2008) (case properly removed based on diversity); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 772 (11th Cir. 2010) (a defendant may supplement allegations of complaint with facts demonstrating diversity jurisdiction on removal).

    A.    **The Parties Are Completely Diverse**

        (i)    **Citizenship of Plaintiff**

11.    Plaintiff alleges she is a resident of Indian River County, Florida. *See* Complaint ¶ 2. Thus, she is a citizen of Florida for purposes of diversity jurisdiction.

12.    "It is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, No. 09-CV-60067, 2009 U.S. Dist. LEXIS 51705, at *8 (S.D. Fla. June 1, 2009) (internal citations omitted); *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (citizenship is equivalent to domicile); *Turner v. Wells*, 15-CV-61855, 2017 WL 364428, at *2 (S.D. Fla. Jan. 25, 2017) (for purposes of diversity of citizenship, an individual person's citizenship is equivalent to his or her domicile).

13.    Here, Plaintiff's admitted Indian River County residence is prima facie evidence of her Florida domicile, which is equivalent to her Florida citizenship for purposes of establishing diversity in this case.

        (ii)    **Citizenship of Wal-Mart Stores East, LP**

14.    Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

15.    When it comes to limited partnerships, "a federal court must look to the citizenship of a partnership's limited, as well as its general, partners to determine whether there is complete diversity." *Muscle Shoals Assocs., Ltd. v. MHF Ins. Ag., Inc.*, 792 F. Supp. 1224, 1226 (N.D. Ala.

1992); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) ("for purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens") (citing *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96, 110 S. Ct. 1015, 1021, 108 L. Ed. 2d 157 (1990)).

16. Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose parent company is Wal-Mart Stores, Inc., a Delaware-incorporated company. The principal place of business for all entities mentioned is Arkansas.

17. Thus, Wal-Mart's citizenship is Delaware and Arkansas for purposes of establishing diversity in this case.

18. At no material time has Wal-Mart Stores East, LP, or its general or limited partners, been a citizen of Florida. *See* Florida Department of State, Division of Corporations, Detail by Entity Name, attached as **Composite Ex. D**.

19. As such, the parties are completely diverse.

**B.     The Threshold Amount in Controversy Is Met**

20. The amount in controversy here exceeds $75,000.00, as required by 28 USC § 1332(a)(1).

21. Although Plaintiff's Complaint does not specify an amount in controversy other than surpassing the state circuit court's $30,000.00 jurisdictional minimum, it is clear that her claimed damages exceed $75,000.00 based on her pre-suit demand of $750,000, which lists medical bills of over $350,000. *See* Composite Exhibit C; *Katz*, 2009 U.S. Dist. LEXIS 51705, at

*15 (defendant met its burden of establishing amount in controversy based on medical bills presented in a pre-suit demand).

22. "Where, as in this case, the complaint alleges an unspecified amount of damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *Do Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344-45 (S.D. Fla. 2013) (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)) (denying plaintiff's motion to remand where defendant provided sufficient evidence that amount in controversy exceeded statutory minimum despite the fact that complaint did not claim that specific amount). Moreover, "[i]f the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).

23. A pre-suit demand that includes medical bills over the jurisdictional threshold is sufficient evidence of the amount in controversy. In *Katz*, this District Court concluded that the removing defendant properly established the amount in controversy based on the plaintiff's pre-suit demand package that included past and future medical bills. 2009 U.S. Dist. LEXIS 51705, at *13. The Court specifically was persuaded that "the pre-suit demand package reflect[ed] an honest assessment of damages by plaintiffs because," and, like Plaintiff's pre-suit demand letter in this case, it was "based on medical records provided by the plaintiff." *Id*. at 15. *See also Mick v. De Vilbiss Air Power Co*., No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (pre-suit demand letters are competent evidence of the amount in controversy.).

24.     The evidence provided with this notice of removal demonstrates that Plaintiff's claimed damages exceed $75,000.00. Plaintiff provided a pre-suit demand reflecting medical bills of over $350,000. That alone surpasses the necessary amount in controversy. *See Katz*, 2009 U.S. Dist. LEXIS 51705, at *15 ("the Court is persuaded that the pre-suit demand package reflects an honest assessment of damages by Plaintiffs because it is based on medical records provided by the Plaintiff").

25.     Additionally, Plaintiff's Complaint alleges pain and suffering, lost wages, and loss of ability to earn money in the past and future. *See* Complaint ¶10.

26.     These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction.

27.     Accordingly, Wal-Mart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

### III.     REMOVAL IS TIMELY AND VENUE IS PROPER

28.     In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty days of service of Plaintiff's Complaint. The thirty-day period commenced on August 22, 2022, when Plaintiff served her Complaint.

29.     Venue is proper in the United States District Court for the Southern District of Florida because the State Court Action was pending in the 19th Judicial District in and for Indian River County. *See* 28 U.S.C § 89(c).

### IV.     ALL OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

30.     Pursuant to 28 U.S.C. § 1446(a), Wal-Mart attaches hereto and makes a part of this notice of removal a copy of the process, pleadings, and other papers filed in the 19th Judicial

Circuit in and for Indian River County together with a docket sheet from the Clerk of the Court. *See* **Composite Ex. E.**

31.     Pursuant to 28 U.S.C. § 1446(d), Wal-Mart will promptly serve Plaintiff with a copy of this Notice of Removal and also file a copy of this Notice of Removal in the State Court Action.

32.     This removal is being signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

## CONCLUSION

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because the parties are completely diverse, the amount in controversy exceeds $75,000.00, exclusive of interest, fees, and costs, and removal is timely.

Dated:  September 20, 2022

    Respectfully submitted

    By: /s/ *Sujey S. Herrera*
    Sujey S. Herrera, Esq.
    Fla. Bar No. 92445
    Email: sherrera@reedsmith.com
    Maximilien Palenzuela, Esq.
    Fla. Bar No. 1031444
    Email: mpalenzuela@reedsmith.com
    **REED SMITH LLP**
    200 S. Biscayne Blvd., Suite 2600
    Miami, FL 33131
    Telephone: (786) 747-0200

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 20, 2022, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF filing system. I also certify that a true and correct copy of the foregoing was served this date via email upon counsel for Plaintiffs: Victoria M. Manglardi, Martinez Manglardi, P.A., 4651 Babcock Street NE, victoria@martinezmanglardi.com.

By: */s/ Sujey S. Herrera*  
Sujey S. Herrera, Esq.